

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Hon. T. J. Crowe, Secretary
Texas State Board of Medical
  Examiners
Mercantile Building
Dallas, Texas

Opinion O-3045
Re: Authority of accounting
officers of this State to is-
sue warrant for salary to an
investigator for the Texas
State Board of Medical Exami-
ners who holds a commission
as Special State Ranger.

Dear Sir:

We have your letter of January 15, 1941, wherein you ask the opinion of this department upon the question whether an investigator for the Texas State Board of Medical Examiners may hold a commission as a Special Texas Ranger at the same time, and continue to draw his salary as investigator.

Section 33 of Article 16 of the Constitution provides in part as follows:

"The accounting officers of this State shall neither draw nor pay a warrant upon the Treasury in favor of any person, for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position, of honor, trust or profit, under this State or the United States, except as prescribed in this Constitution. ***"

Section 33 contains certain exceptions, none of which are material to the subject of your inquiry.

Special Texas Rangers are appointed by the Public Safety Commission under the authority of Vernon's Civil Statutes, Article 4413 (11), Section 5, which section reads as follows:

"Special Rangers: The Commission shall have authority to appoint such number of Special Rangers as may be deemed advisable, not to exceed three hundred in number; such Rangers shall not have any connection with any Ranger Company or Highway Motor Patrol, but they shall at all times be subject to the orders of the Commission and Governor for special duty to the same extent as the other law enforcing officers provided for in this Act; such Special

Rangers, however, shall not have the authority to enforce any laws except those designed to protect life and property, and such Rangers are especially denied the authority to enforce any laws regulating the use of the State Highways by motor trucks and motor busses and other motor vehicles. Such Rangers shall not receive any compensation from this State for their services, and before the issuance of the Commission each such Ranger shall enter into a good and sufficient bond executed by a surety company authorized to do business in Texas in the sum of Twenty-five Hundred Dollars, approved by the Director, indemnifying all persons against damages accruing as a result of any illegal or unlawful acts on the part of such Special Ranger. All Special Ranger Commissions shall expire on January 1st of the odd year after appointment, and the Director can revoke any Special Ranger Commission at any time for cause, and such officer shall be designated in the Commission as Special Ranger ***"

We do not find it necessary to decide the question whether a special Ranger in this State holds an "office" under this State. Whatever may be the decision upon that point, it is nevertheless clear that a Special Ranger does hold a "position of honor and trust" under this State, and Section 33 of Article 16 therefore prohibits the accounting officers of this State from drawing or paying a warrant upon the Treasury in favor of any person for salary or compensation as investigator for your Board, while such person holds at the same time the position of honor and trust, of Special Texas Ranger.

That the efficiency of your investigators may be increased by having them possess the authority of peace officers is a matter which should be addressed to the consideration of the Legislature, which may, if it so desires, by law invest the office or position of investigator for the Texas State Board of Medical Examiners with the authority of a peace officer.

APPROVED JAN 30, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY
GENERAL

Yours very truly
ATTORNEY GENERAL OF TEXAS
By /s/ R. W. Fairchild
Richard W. Fairchild, Assistant

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

RWF:EP:wb